Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9561 | **DATE** | 4/2/2002 |
| **CASE TITLE** | AMERICAN COUNTRY INSURANCE CO. vs. TURNER CONSTRUCTION CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Plaintiff's motion to remand is granted. Case is remanded back to the Circuit Court of Cook County, Illinois.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | APR 0 3 2002 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 02 APR -2 PM 1:13 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN COUNTRY INSURANCE COMPANY, an Illinois stock insurance company, <br><br> Plaintiff, <br><br> v. <br><br> TURNER CONSTRUCTION COMPANY, a New York corporation; and JOSEPH ORTH, an Illinois resident and a nominal party, <br><br> Defendants. | No. 01 C 9561 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, American Country Insurance Company ("American"), filed a Complaint for Declaratory Judgment against Defendant, Turner Construction Company ("Turner"), in the Circuit Court of Cook County, Illinois. Plaintiff seeks a declaration that Turner is not entitled to insurance coverage for a suit brought against Turner by Joseph Orth ("Orth"). Turner timely removed the action to federal court based on diversity jurisdiction. Presently before the Court is American's Motion to Remand.

American's Complaint for Declaratory Judgment and Turner's Notice of Removal support the following summary of the conduct of the parties.

Turner, a corporation in the business of providing construction services, was the contractor for the construction of property located in Schaumburg, Illinois. In May 1997, Turner entered into a contract with G & M Electrical Contractors Company ("G & M") wherein G & M agreed to provide electrical services.

In November 1999, American issued to G & M a liability insurance policy. Under the policy,



Turner is an organization which may qualify as an additional insured, and G & M was required to add Turner as an additional insured to its policy.

In 2001, Orth filed suit against Turner in the Circuit Court of Cook County, Illinois, seeking damages arising out of an accident which allegedly occurred in December 1999 while he was employed by G & M at the Schaumburg property. Orth's complaint is a single count alleging negligence by Turner as the entity in charge of the construction project.

Subsequently, American filed its Complaint for Declaratory Judgment, alleging that Turner is not entitled to insurance protection under American and G & M's insurance policy.

In December 2001, Turner removed the action to this Court. Turner alleges diversity jurisdiction between itself and American. It alleges that diversity against Orth is lacking but that it is not fatal because he is not a "necessary party". Turner concedes that Orth is a "necessary party" under Illinois law. Orth is already joined in the state action, but he did not join in the removal notice.

The burden of establishing federal jurisdiction is placed on the party seeking removal. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (*Shaw*). Courts interpret removal statutes narrowly and presume that the plaintiff may choose his or her forum. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Any doubts regarding jurisdiction should be resolved in favor of remanding the action to state court. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

In general, all defendants must join in a removal petition in order to effect removal. *Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982) (*Northern*). However, nominal parties are disregarded for removal purposes and need not join in the petition. *Northern*, 676 F.2d at 272. (Emphasis added).

Initially, the parties argue whether federal or state law must be used to determine whether Orth is a "necessary party". American argues that Illinois law should control whether Orth is a "necessary party", and Turner argues that federal law must be applied to determine whether Orth is a "necessary party". The term "necessary party" used by both parties is derived from Federal Rule of Civil Procedure 19, as reflected in several of the cases the parties cite in support of their argument.

"Once a case has been removed to federal court ... federal rather than state law governs the future course of proceedings...." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 437 (1974). Accordingly, federal law must be applied to the present question of whether remand was proper.

Both parties present their argument in terms of whether Orth is a "necessary party" not whether Orth is a "nominal" party.

The district courts have determined if a defendant is a nominal party under the analysis set forth in the Seventh Circuit cases below without resorting to a "necessary party" analysis under Rule 19, *see e.g.*, *Alberto-Culver Co. v. Sunstar, Inc.*, 2001 WL 1249055 (N.D. Ill. Oct. 27, 2001), and also by determining if the defendant was a "necessary party" pursuant to Rule 19, *see e.g.*, *Professional Underwriters, Liability Ins. Co v. Medicus Medical Group, Inc.*, 1993 WL 278478 (N.D. Ill. 1993). Perhaps those making the determination of whether a defendant is a nominal party by determining whether the party was a "necessary" or "indispensable" party pursuant to Rule 19 did so because "[b]y definition a nominal defendant cannot be a 'necessary' or 'indispensable' party, as those terms are used in Fed. R. Civ. P. 19." *Cherif*, 933 F.2d at 414, n. 13, citing *Salem Trust Co. v. Manufacturers' Finance*, 264 U.S. 182, 188-200 (1924).

As set forth by the Supreme Court, a necessary or indispensable party, by definition, cannot

3

be a nominal party. However, that does not automatically lead to the conclusion that a party that is not necessary or indispensable <u>must</u> be a nominal defendant. The Seventh Circuit, when setting forth the test to determine if a defendant is a nominal party, has held a defendant is a nominal party if he or she "is not a real party in interest ... because he has no interest in the subject matter litigated. His relation to the suit is merely incidental and 'it is of no moment [to him] whether the one or the other side in [the] controversy succeed[s]'". *Securities & Exchange Comm. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (*Cherif*), quoting *Bacon v. Rives*, 106 U.S. 99, 104 (1882). It has also held that a "defendant is nominal if there is no reasonable basis for predicting that it will be held liable". *Shaw*, 994 F.2d at 369, citing 14A Wright, Miller & Coof, *Federal Practice & Procedure* § 3731 n. 10. A review of the definition of a nominal party as set forth by the Seventh Circuit is broader than the requirements of Rule 19.[1] This interpretation is consistent with the requirement that courts interpret removal statutes narrowly and that any doubts regarding jurisdiction be resolved in favor of the remanding the action to state court. Thus, this Court is not required to determine whether Orth is a nominal party via a Rule 19 analysis.

Accordingly, Orth is a nominal party to the present declaratory judgment action if he has no interest in the subject litigation. In other words, is his relation to the present suit incidental, it is not

---

[1] Under Rule 19, a party is "necessary" if:
(1) in the person's absence complete relief cannot be accorded among those already parties, or
(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19.

4

of concern to him whether one party or the other succeeds? *See Cherif*, 933 F.2d at 414.

Orth has an interest in whether American has a duty to defend Turner, which could have an effect on whether American has a duty to indemnify Turner in Orth's underlying action. The possible coverage is a source of recovery if Orth is successful in the underlying lawsuit against Turner. The coverage determination may also affect Orth's litigation strategy in the underlying suit, depending on whether, and in what amount, coverage is found to exist. As such, he does have an interest in the present declaratory judgment action, and it would concern him which party succeeds. Accordingly, Orth is not a nominal party.

Based on this finding, removal was not proper as Orth did not join in the removal petition; and, as an Illinois resident, he destroys complete diversity.

For the reasons stated above, American's Motion to Remand is granted, and the cause of action is remanded back to the Circuit Court of Cook County, Illinois.

Dated: April 2, 2002

JOHN W. DARRAH
United States District Judge